

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ARTURO TORRES OCHOA,

    *Plaintiff,*

vs.

ANETTE CLARK, *et al.*,

    *Defendants.*

3:13-cv-00617-RCJ-VPC

ORDER

    This prison civil rights action comes before the Court on plaintiff's application to proceed *in forma pauperis* (#1) seeking to initiate a civil rights action.

    The pauper application is incomplete. Both a financial certificate properly completed and executed by an authorized institutional officer and a statement of the plaintiff's inmate trust fund account for the past six months are required by 28 U.S.C. § 1915(a)(2) and Local Rule LSR1-2. Plaintiff, a frequent filer who repeatedly has been informed of these requirements, including numerous times recently, attached neither.[1]

    It does not appear from review of the allegations presented that a dismissal without prejudice of the present improperly-commenced action would lead to a promptly-filed new action being untimely or otherwise result in substantial prejudice.

---

[1] A single page of some type of institutional financial document is mixed in with the pages of the complaint, at electronic docketing page 23 of #1-1. However, this single page does not constitute the typically 13-page computer printout of the inmate account statement, and plaintiff further did not attach a copy of a financial certificate executed by an authorized institutional officer.

The Court notes in this regard that plaintiff has filed numerous meritless, frivolous and/or delusional actions in this district. As a result, the Court has found plaintiff subject to the "three strikes" provisions of 28 U.S.C. § 1915(g) in 3:10-cv-00483-ECR-VPC (#7). Under § 1915(g), a prisoner who has brought three or more frivolous or meritless actions may not proceed *in forma pauperis;* and he instead must pay the full filing fee in advance, unless he is under imminent danger of serious physical injury.

Plaintiff alleges in the present complaint, *inter alia*, that his food is being subjected to tampering. This allegation of imminent danger, however, is delusional or frivolous. Plaintiff has made the same allegation in a number of actions. *See, e.g.,* 3:12-cv-00285-MMD-VPC; 3:12-cv-00276-HDM-VPC; 3:12-cv-00239-RCJ-VPC. The Court held a hearing on the allegation in 3:12-cv-00239-RCJ-VPC and confirmed that the allegation indeed is wholly baseless.

Plaintiff accordingly will sustain no substantial prejudice from the dismissal of this improperly commenced action without prejudice to the filing of a properly commenced action.

IT THEREFORE IS ORDERED that the application to proceed *in forma pauperis* (#1) is DENIED and that this action shall be DISMISSED without prejudice to the filing of a new complaint on the required form in a new action together with either a new pauper application with all required, and new, attachments or payment of the $350.00 filing fee.

The Clerk of Court shall SEND plaintiff a copy of the papers that he filed along with the complaint and pauper forms and instructions for both forms.

The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

DATED: This 19th day of November, 2013.

_____
ROBERT C. JONES
Chief United States District Judge